UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE SUBPOENA OF RIYAD BANK § 
§ Misc No: 02-153
700 Louisiana St. Suite 4770 § Hon. Lee Rosenthal, Judge
Houston, Texas 77002 §

## MOVANTS' MEMORANDUM
## IN REPLY TO RIYAD BANK'S RESPONSE

Movants, the Liquidators of BCCI, recently filed a Notice of Supplemental Authority for the purpose of bringing to the Court's attention *Ssangyong v. Vida Shoes Intern'l*, a case decided by the District Court for the Southern District of New York on facts strikingly similar to the facts before the Court in the instant case. Riyad Bank filed a Response to that Notice, in which it asserted, without support, that Riyad Bank's Houston Agency is a "separate entity" from Riyad Bank, the corporation organized under the laws of Saudi Arabia. Because this statement is incorrect as a matter of fact and law and could lead the Court into error, the Liquidators submit this brief reply.

Riyad Bank relies on its assertion that it and its Houston Agency are "separate entities," (i) to distinguish the decision in the *Ssangyang* case, (ii) to argue that Riyad Bank is not subject to personal jurisdiction in the United States, and (iii) to argue that the Houston Agency is not in possession of Riyad Bank records. All of these arguments must fail because they rely upon a faulty premise. As demonstrated in the Liquidators' previous submissions in this matter, the Houston Agency is not separate from Riyad Bank. Rather, as a matter of fact and as a matter of law, the Houston Agency is an unincorporated office of Riyad Bank operating a regular and systematic business in Houston, Texas. Like the Hong Kong bank in *Ssangyong*, Riyad Bank is

doing business in the State of Texas. It is subject to the general personal jurisdiction of this Court, and it is subject to subpoenas and discovery orders issued by this Court.

Riyad Bank's Response states, erroneously, that, "the *Bank has not* applied for and does not have a license to operate in Houston," and that the *Agency* "received a commission from the Texas Commissioner of Finance." In fact, Riyad Bank's Response has these statements backwards. As the Liquidators set forth in their previous submissions, Riyad Bank – the corporate entity organized in Saudi Arabia, not some separate US entity – *did* apply for and *did* receive a license to operate a banking agency in Houston, Texas. Conversely, the *Houston agency* did not receive a license to operate a bank here – Riyad Bank, a corporation organized under the laws of Saudi Arabia, did. A certificate of the Director of Corporate Activities of the Texas Department of Banking for the State of Texas is attached hereto as Exhibit A.

Moreover, the records of the Texas Department of Banking show that Riyad Bank – again the Saudi corporation – is the entity registered to do business as a foreign corporation in Texas. Ex. A. There is no separate corporation, "Riyad Bank Houston Agency", that is organized under the laws of Texas, or that is authorized to do business as a foreign corporation in this state. In short, as far as the State of Texas is concerned, the Houston agency *is* Riyad Bank – a bank doing regular and systematic business in the State of Texas.

Riyad Bank relies on certain state banking statutes which provide that bank branches are treated, for some purposes, as separate from each other. None of these statutes is relevant here. Moreover, none of these statutes speak to the very different issue of whether a branch or agency is separate for the corporation of which it is a part. Since the 1920s, courts have consistently held that unincorporated bank branches and agencies are not separate from the corporation of which they are a part, and that statutes calling for separate treatment of branches do not change

this analysis. *United States v. BCCI Holdings (Luxembourg) SA*, 48 F.3d 551, 553-54 (D.C. Cir. 1995); *Sokoloff v. Nat'l City Bank*, 224 N.Y.S. 102, 114 (Sup. Ct. 1927) (Cardozo, J.); *First Nat'l Bank Int'l v. Banco Nacional de Cuba*, 658 F.2d 895, 900 (2d Cir. 1981); 1A *Michie on Banks and Banking* Ch. 2 §28, at 309-10 (1999). The fact that "bookkeeping statutes" may require that the accounting records of a branch or agency be kept separately does not make those branches or agencies independent entities as a matter of law. *See First National City Bank v. IRS*, 271 F.2d 616, 618-19 (2d Cir. 1959). For purposes of discovery, an agency is an inseparable part of the corporation, and the activities of the agency create a basis for jurisdiction in this Court over the corporation as a whole. *In re: Grand Jury 81-2*, 550 F. Supp. 24, 27 (W.D. Mich. 1982).

Accordingly, the *Ssangyong* decision is directly on point. Riyad Bank is doing business in State of Texas. It is subject to general personal jurisdiction. And it, like all other corporations operating within this jurisdiction, is required to comply with subpoenas and discovery orders issued by this Court. Having availed itself of the opportunities and advantages of doing business in the United States and in the State of Texas, Riyad Bank should not now be heard to assert that it is not subject to our laws.

Respectfully submitted,

William E. Junell, Jr.
Attorney-in-Charge
State Bar Number: 11053000
SCHWARTZ, JUNELL, CAMPBELL
   & OATHOUT, L.L.P.
Two Houston Center
909 Fannin, Suite 2000
Houston, Texas 77010
Telephone:   713-752-0017
Facsimile:   713-752-0327

Eric L. Lewis
A. Katherine Toomey
Of Counsel
BAACH ROBINSON & LEWIS PLLC
1201 F Street, NW – Suite 500
Washington, D.C. 20005
Telephone: 202-833-8900
Facsimile: 202-466-5738

Attorneys for Movants

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Supplemental Authority was served via HAND DELIVERY on the following this ___th day of January, 2006.

Phillip Dye
Vinson & Elkins
2300 First City Tower
1001 Fannin
Houston, Texas 77002

William E. Junell, Jr.

# EXHIBIT A



# THE STATE OF TEXAS
## TEXAS DEPARTMENT OF BANKING

The undersigned, as Director of Corporate Activities, hereby certifies that the attached are true and correct copies of the following described instruments on file in this office:

Riyad Bank
King Abdulaziz Street
P.O. Box 22622
Riyadh 11416
Saudi Arabia

License Number 5022-07

1. Foreign Bank Agency license number 5022-07 for Riyad Bank dated September 1, 1995.

2. Foreign Bank Agency license number 1990-22 for Riyad Bank dated April 16, 1990.

3. Application of a Foreign Bank Corporation for an Initial License to Establish an Agency in the State of Texas (without attachments and appendices).

*IN TESTIMONY WHEREOF, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in the City of Austin, on December 21, 2005.*



Lynda Drake
Director of Corporate Activities

## State of Texas
## Department of Banking

LICENSE NO. 5022-07

I, Catherine A. Ghiglieri, Banking Commissioner of Texas, acting under the provisions of Section 9.001 et seq. of the Texas Banking Act, and pursuant to an application filed in this office on February 5, 1990, do hereby grant to

**Riyad Bank**
**King Abdulaziz Street**
**P.O. Box 22622**
**Riyadh 11416**
**Saudi Arabia**

authority to transact business in Texas through a Foreign Bank Agency whose principal office is located at 700 Louisiana, NationsBank Center, Suite 4770, Houston, Texas.



*In testimony whereof I have hereunto subscribed my name officially, and have hereon impressed the seal of the Department of Banking at the City of Austin, in the State of Texas, on this 1st day of September A.D. 1995.*

Catherine A. Ghiglieri
Banking Commissioner of Texas

# State of Texas
# Department of Banking

LICENSE NO. 1990-22

I, Kenneth W. Littlefield Banking Commissioner of Texas, acting under the provisions of Article 342-1001 et seq., Vernon's Texas Civil Statutes, and pursuant to an application filed in this office on January 29, 1990, do hereby grant to

Riyad Bank
King Abdulaziz Street
P. O. Box 22622
Riyadh 11416
Saudi Arabia

authority to transact business in Texas through a Foreign Bank Agency whose principal office is located at the 47th Floor, 700 Louisiana, Houston, Texas.

This license will expire April 16, 1991.



*In Testimony whereof I have hereunto subscribed my name officially, and have hereon impressed the seal of the Department of Banking at the City of Austin, in the State of Texas, on this* ___16th___ *day of* ___April___ *A.D. 19*___90___.

Banking Commissioner of Texas



APPLICATION OF A FOREIGN BANK CORPORATION
FOR AN INITIAL LICENSE TO ESTABLISH AN AGENCY IN THE STATE OF
TEXAS

(Pursuant to the provisions of
Chapter X of the Texas Banking Code of 1943, as amended)


TO:     Banking Commissioner of Texas
        Department of Banking
        2601 North Lamar
        Austin, Texas 78705


Riyad Bank a foreign bank corporation duly incorporated and existing under
the laws of Saudi Arabia, hereby makes application for a license to
establish a foreign bank agency in the State of Texas for the purpose of
transacting such business as is authorised by the laws of the State of
Texas.


* * * *


In support of this application the following information and schedules are
submitted as attached.



1. Address of principal office in country of domicile of the foreign bank corporation filing the application.

    Riyad Bank
    King Abdulaziz Street
    P.O. Box 22622
    Riyadh 11416
    Saudi Arabia

2. Proposed or actual street and post office address of the foreign bank corporation agency.

    NCNB Center
    47th Floor
    700 Louisiana
    Houston
    Texas  77002

3. Street and post office address of the foreign bank corporation agency's initial principal office in Texas (if different from that of proposed Agency).

    As above

4. Name and title of person(s) in charge of business affairs at the foreign bank agency.

    Mr Keenan Carstens - Manager

5. Certified copy of a duly adopted resolution of (1) the Board of Directors of the foreign bank corporation, or (2) managing directors, or (3) other empowered executive committee, evidencing its support of this application and evidencing the names and titles of all persons authorised to sign and deliver this application and any related documents, as well as certified incumbency certificates with regard to such persons.

    See Appendix 1

6. Certified statement attesting to the amount (in currency of the country in which the foreign bank corporation is domiciled and in U.S. dollars) or both the capital (1) paid in and (2) subscribed for but unpaid of the foreign bank corporation.

    See Appendix 2



7. A detailed financial statement of the foreign bank corporation which must be no more than 360 days old. NOTE: Actual value of assets must exceed its liabilities by USD 100,000,000 or more.

   Please find enclosed latest accounts of Riyad Bank.

8. A certified copy of the foreign bank corporation's charter and bylaws (or other equivalent constitutive documents). If the charter and bylaws (or other equivalent constitutive documents) are in a language other than English, a translation of the charter and bylaws (or other equivalent constitutive documents), under the oath of the translator, must be attached to the certified copy.

   See Appendix 3

9. A certification by the chartering agency in the country in which the foreign bank corporation is domiciled, stating that the foreign bank corporation has complied with the laws of that country. If certification is not available from such chartering agency, the foreign bank corporation may substitute an opinion of acceptable legal counsel licensed to practice law in the country in which the foreign bank corporation is domiciled, to the effect that (1) the bank chartering agency in such country will not furnish such a certificate and (2) that the foreign bank corporation has complied with the laws of such country.

   See Appendix 4

10. Provide a certified copy of the information required by Article 4, Chapter X of the Texas Banking Code of 1943, as amended, to be filed with the Secretary of State.

    See Appendix 5

11. A statement supporting the general fitness of the foreign bank corporation and the extent to which the proposed foreign bank agency will serve the needs of the community in which it will be located. Attached to this application is an outline to be used as a format for the preparation of the required data.

    See Appendix 6



- 4 -

12. Evidence that the laws of the country in which the foreign bank corporation is organised or chartered permit a bank organised under the laws of the State of Texas or national banks domiciled in the State of Texas to undertake activities in that country similar to those described in Article 7, Chapter X of the Texas Banking Code of 1943, as amended. Such evidence must include: (1) a duly authenticated copy of the applicable laws or governmental administrative regulation; and either (2) a duly authenticated statement from an official of the governmental body which regulates the activities of banks in such foreign country, or (3) an opinion of acceptable legal counsel licensed to practice law within such foreign country. If the laws are in a language other than English, a translation of the laws, under the oath of the translator, must be attached to the copy of the laws.

    As a matter of historic fact at least 4 foreign banks have been given authority to open subsidiaries in Saudi Arabia provided there is a minimum participation of 60% by Saudi Nationals. Examples of these banks are Saudi American Bank, Saudi British Bank, Al Bank Al Saudi Al Fransi, and Al Bank Al Saudi Al Hollandi. We are not, of course, able to give an assurance that approval would be given for new banks to open on this basis.

13. Please find our cheque enclosed for USD 3,000 payable to the Department of Banking, State of Texas.



I certify that the preceding application and the attached supporting documents are true and correct to the best of my knowledge.

Riyad Bank

Name: Mr Georges El Khoury
Title: Chief Manager - London Branch

Dated:   January 1990

ACKNOWLEDGEMENT

City of London                    SS:

Country of United Kingdom

On this 23rd day of January 1990, before me personally came Georges El Khoury to me known, who being by me duly sworn, deposes and says that he resides at Swan House, Strawberry Vale, Twickenham, Middlesex; that he is Chief Manager of Riyad Bank, London Branch, the foreign bank corporation described in the foregoing instrument; and that he executed the foregoing instrument on behalf of such corporation with due authorisation of the Board of Directors of such corporation and as the act of such corporation and in his official capacity as Chief Manager of London Branch for such corporation.

Notary Public
London, England
(A. J. BURGESS)

